# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LINDA MORGAN,                    )
                                 )
          Plaintiff,             )
                                 )
v.                               )   Case No. CIV-07-166-RAW
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social           )
Security Administration,         )
                                 )
          Defendant.             )

## REPORT AND RECOMMENDATION

Plaintiff Linda Morgan ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on October 3, 1953 and was 53 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a secretary, an office administrator, and a teacher's assistant. Claimant alleges an inability to work beginning October 31, 1989 through her date of last insurance for disability insurance benefits on December 31, 1994. Claimant alleges an entitlement to benefits based upon depression, anxiety disorder, and fibromyalgia.

3

## Procedural History

On October 20, 2005, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.). Claimant's application was denied initially and upon reconsideration. On January 3, 2007, a hearing was held before ALJ Richard J. Kallsnick in Tulsa, Oklahoma. By decision dated January 25, 2007, the ALJ found that Claimant was not disabled during the relevant period and denied Claimant's request for benefits. On May 18, 2007, the Appeals Council denied review of the ALJ's decision. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe, Claimant did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of unskilled work at all exertional levels which exists in significant numbers in the national and regional economies.

## Errors Alleged for Review

Claimant, acting *pro se* in this appeal, asserts the ALJ committed error in failing to find her combination of mental and physical impairments, including fibromyalgia, were severe,

rendering her disabled.

**Review of the ALJ's Decision**

Claimant contends the ALJ improperly determined her conditions of depression and anxiety in combination with her fibromyalgia were not sufficiently severe to find her disabled. In his decision, the ALJ found Claimant's mental impairments of Major Depression and Generalized Anxiety Disorder constituted severe impairments. However, the conditions did not cause Claimant to exhibit the marked limitations in activities of daily living, social interaction, or concentration, persistence, or pace prior to the expiration of the date of last insured. (Tr. 21).

Indeed, a Psychiatric Review Technique form was completed by Burnard Pearce, Ph.D. on November 16, 2005 for the relevant period. He determined Claimant suffered from Affective Disorders and Anxiety-Related Disorders. (Tr. 206). In rating the functional limitations caused by these conditions, Dr. Pearce found moderate limitations in the restriction of activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace. (Tr. 216). Claimant reported to Dr. Pearce that she experienced depression, anxiety, and memory and concentration problems. (Tr. 218).

A Mental Residual Functional Capacity Assessment form was also completed with regard to Claimant by Dr. Pearce on November 16, 2005. Areas of moderate limitation were noted in the ability to

understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 220-221). The assessment is concluded with the statement that Claimant "was able to understand, remember, and carry out simple and some complex tasks. She was able to relate to supervisors and coworkers in a superficial manner. Due to anxiety, she might have had some trouble working around the general public. She was able to adapt to and adjust to basic work related changes and pressures." (Tr. 222). Based upon these findings and the medical records contained in Claimant's file, this Court finds no error in the ALJ's assessment of Claimant's restrictions upon her ability to work based upon her mental impairments.

Claimant also contends her fibromyalgia should have been considered by the ALJ in his assessment of her RFC. In his decision, the ALJ found

> Paul W. Hobbs, M.D., a treating source, wrote on March 29, 2006 that the claimant complained of fatigue from fibromyalgia. Yet, the file lacks a formal diagnosis of fibromyalgia or any discussion of the problem by a treating source. [Claimant's] list of medications does not include any anti-inflammatory medications. . . . In the hearing, [Claimant] testified she was fired from her job in 1990 because of the effect of post-partum depression. The hearing notes give no indication that the claimant discussed having fibromyalgia before or after the expiration of her date last insured. Considering the evidence as a whole, the Administrative Law Judge is unable to recognize the claimant's alleged fibromyalgia as a severe impairment under Social Security

6

standards for severity.

(Tr. 20).

The medical records reference fibromyalgia in several instances. A report from Dr. Meenakshi Kalathil dated July 25, 2000 indicates Claimant suffered from fibromyalgia, among other conditions at that time. (Tr. 236-238). The letter from Dr. Hobbs dated March 29, 2006, which the ALJ acknowledged, also references fibromyalgia. (Tr. 247). An October 12, 2006 letter from Dr. Charles A. Lester also states Claimant suffers from fibromyalgia. (Tr. 248). As stated by the ALJ, these findings were made well-after the expiration of Claimant's insured status in 1994. (Tr. 22). Nothing in the record indicates this condition dated back to the relevant period which might create ambiguity in the record as to whether the condition dated back to the relevant insured period. *See*, Blea v. Barnhart, 466 F.3d 903, 912-913 (10th Cir. 2006). As such is the case, the ALJ was not under an obligation to consider the evidence as relating back to that time. Accordingly, this Court finds no error in the ALJ's conclusions.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security

7

Administration should be **AFFIRMED**.

The parties are herewith given ten (10) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of July, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE